UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOEL RHODES,
        Plaintiff,

    v.                                                               Case No. 12-CV-00452

MILWAUKEE COUNTY,
SGT. KERRI MCKENZIE, and
JOHN DOES,
        Defendants,

## ORDER

Plaintiff, Joel Rhodes, a state prisoner, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated while he was incarcerated as a pretrial detainee at the Milwaukee County Jail. He has paid the full filing fee.

Regardless of plaintiff's fee status, I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers

"labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Iqbal, 556 U.S. at 679 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

To state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

In his sworn complaint, plaintiff avers that he was denied visits with an attorney he retained at personal expense to assist him in preparation for cases in which he was proceeding pro se. While a pretrial detainee at the Milwaukee County Jail, plaintiff met with attorney Peter Kovac on a regular basis to prepare for legal actions in both state and federal court. Kovac visited plaintiff twenty-six times beginning on October 24, 2006. Then, between May 4, and May 7, 2007, defendant John Does at the Jail told Kovac that he could not meet privately with plaintiff, but could meet with plaintiff in the normal family

2

visiting location. Kovac was told that an e-mail or memo, a standing order, had been received around noon on May 4, directing jail staff not to let Kovac in to meet with plaintiff in an attorney room. Kovac was advised that he could still visit plaintiff in the friends and family visiting area.

May 7 was the first day of a trial in state court in which plaintiff was a pro se defendant. Plaintiff told the trial court about his inability to meet with Kovac to prepare. The judge noted that there had been over twenty meetings between plaintiff and Kovac, and that denying plaintiff access to counsel would be foolish. After a jury trial, plaintiff was convicted of one count of kidnapping and one count of aggravated battery, both as party to a crime. In Rhodes' direct appeal of his criminal conviction, the Wisconsin Court of Appeals found that Milwaukee County Jail personnel did not deprive plaintiff of his right to counsel. State v. Rhodes, 2011 WI App 145, ¶¶ 47-50, 337 Wis. 2d 594, 807 N.W.2d 1. The court distinguished the two cases cited by plaintiff, and plaintiff did not respond to the State's contentions that his authority was not on point and that his claim of error was inadequately explained. Id.

Plaintiff now proposes claims under the First, Fifth, Sixth, and Fourteenth Amendments. He seeks nominal and punitive damages. Plaintiff cites Wis. Stat. § 946.75, under which the denial of the right to counsel is a Class A misdemeanor. However, a violation of a state statute does not automatically constitute a constitutional violation actionable under § 1983, and § 946.75 does not create a private civil cause of action.

There is no clear and unqualified constitutional right to jail visitation. Davis v. Milwaukee County, 225 F. Supp. 2d 967, 974 (E.D. Wis. 2002) (collecting cases). "The denial of prison access to a particular visitor 'is well within the terms of confinement

3

ordinarily contemplated by a prison sentence,' Hewitt v. Helms, 459 U.S. 460, 468 (1983), and therefore is not independently protected by the Due Process Clause." Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 461 (1989). Nevertheless, "the Fourteenth Amendment guarantees meaningful access to courts" and " the opportunity to communicate privately with an attorney is an important part of that meaningful access." Dreher v. Sielaff, 636 F.2d 1141, 1143 (7th Cir. 1980) (internal citations omitted). Policies or acts that prevent either convicted prisoners or pretrial detainees from going to court and that limit their access to attorneys are not allowed. May v. Sheahan, 226 F.3d 876, 883 (7th Cir. 2000). "To prove a violation of this right, a plaintiff must demonstrate that state action hindered his or her efforts to pursue a nonfrivolous legal claim and that consequently the plaintiff suffered some actual concrete injury." Id. (citing Lewis v. Casey, 518 U.S. 343, 350–54 (1996)). At this time, plaintiff may proceed on a claim that Sgt. Kerri McKenzie and/or the John Does denied him access to the courts because plaintiff was not allowed to meet privately with Kovac to prepare for his criminal trial that resulted in a conviction.

Additionally, the sudden change in policy on the eve of trial, and the enforcement of that new policy, suggest retaliation for plaintiff's decision to represent himself in his criminal case and implicate plaintiff's constitutional rights. A prisoner's retaliation claim is subject to a liberal notice pleading standard. To comply with 1915A, as with Fed. R. Civ. P. 12(b)(6), the complaint need specify only the bare minimum facts necessary to notify the defendants and the court of the nature of the claims. See Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002). The "bare minimum" in a retaliation claim are the facts that would apprise the defendants of what the plaintiff did to provoke the alleged retaliation and what they did in response. Id. at 439; Walker v. Thompson, 288 F.3d 1005, 1012 (7th Cir. 2002)

4

("a plaintiff alleging retaliation must reference, at a minimum, the suit or grievance spawning the retaliation and the acts constituting the retaliatory conduct").

To the extent a policy was promulgated, formally or informally, that denied plaintiff meetings with Kovac, plaintiff may proceed on a retaliation claim against Milwaukee County. The John Does enforced the policy when they denied Kovac access, and Sgt. Kerri McKenzie addressed the enforcement of the policy with plaintiff and possibly was a policy-maker. At this time, plaintiff may proceed on First Amendment retaliation claims against each of the defendants.

Upon receipt of this order and a notice of appearance by an attorney on behalf of defendants, plaintiff should promptly use discovery to identify the John Does. Then, when he has learned their identities, plaintiff should move to substitute individuals for the John Does so they can be served. Even if plaintiff is unsuccessful in his attempts to identify the John Does, it is the court's duty to assist him in doing so. See Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996) ("To the extent the plaintiff faces barriers to determining the identities of the unnamed defendants, the court must assist the plaintiff in conducting the necessary investigation."). If, after a good faith attempt to discover the names of the John Does, plaintiff remains unable to identify them, he shall advise the court regarding his attempts and seek help to discovery their identities. Plaintiff shall update the court regarding his attempts to identify the John Does on or before **Thursday, November 1, 2012**.

Plaintiff also filed a motion for the use of the United States Marshal Service to serve his complaint. Federal Rule of Civil Procedure 4(c)(3) provides, "At the plaintiff's request,

5

the court may order that service be made by a United States marshal or deputy marshal . . . ." I will grant this motion and direct the U.S. Marshal to effect service.

**THEREFORE, IT IS ORDERED** that plaintiff's motion requesting use of the marshal service to serve process [DOCKET #4] is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon defendants Kerri A. McKenzie and Milwaukee County pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that plaintiff shall update the court regarding his attempts to identify the John Does on or before **Thursday, November 1, 2012**.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

6

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

> Honorable Lynn Adelman
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is notified that from now on, he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document with the court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 7th day of August 2012.

> s/ Lynn Adelman
> LYNN ADELMAN
> District Judge