UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOEL RHODES,

      **Plaintiff,**

    v.                        Case No. 12-CV-0452

MILWAUKEE COUNTY,
SGT. KERRI MCKENZIE, and
JOHN DOES,

      **Defendants,**

## ORDER

Plaintiff, Joel Rhodes, a state prisoner, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated while he was incarcerated as a pretrial detainee at the Milwaukee County Jail. He paid the full filing fee. I screened plaintiff's complaint on August 7, 2012, and directed service. Defendants have now filed an answer. Now before me are a number of motions filed by plaintiff.

On October 17, 2012, plaintiff filed a motion for the appointment of counsel. Plaintiff argues that he is unable to afford counsel, that the issues in this case are complex, that he has a limited knowledge of the law, and that he has had the assistance of other inmates in filing earlier papers but has now been transferred and lost the aid of those inmates and others that had intimate knowledge of the case.

Although civil litigants do not have a constitutional or statutory right to appointed counsel, I have the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007); Luttrell v. Nickel, 129 F.3d 933, 936 (7th Cir. 1997) (citing Zarnes v. Rhodes, 64

F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. Pruitt, 503 F.3d at 654; Zarnes, 64 F.3d at 288. Plaintiff has made such a showing in this case. Therefore, I must consider whether, given the difficulty of the case, plaintiff appears competent to try the case himself and, if not, whether the presence of counsel would likely make a difference in the outcome of the case. Pruitt, 503 F.3d at 654-655 (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993)).

To date, plaintiff's filings have been clear and easy to understand. He has shown an ability to communicate with the court and an ability to investigate his case and conduct discovery. Thus, at this time, I conclude that plaintiff appears competent to litigate this case himself. I will deny his motion for appointment of counsel without prejudice.

Along with his motion asking for counsel, plaintiff updated the court regarding his attempts to identify the John Does. He represents that he served an open records request and hired an investigator, but was unable to discover their identities. He asks for further assistance from this court.

"When the substance of a pro se civil rights complaint indicates the existence of claims against individual officials not specifically named in the caption of the complaint, the district court must provide the plaintiff with an opportunity to amend the complaint. To the extent the plaintiff faces barriers to determining the identities of the unnamed defendants, the court must assist the plaintiff in conducting the necessary investigation." Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996).

Defendants have now filed an answer, and I will be issuing a separate Scheduling Order in this case. Plaintiff can now serve discovery requests on defendants regarding the

2

names of the John Does. I expect defendants to respond in good faith to plaintiff's requests and help him to determine the identities of the John Does. If plaintiff is still unable to identify them, he may ask the court for further assistance.

On January 30, 2013, plaintiff filed a motion for first set of admissions and a motion to compel, and objections to defendants' answer to interrogatories. The motion for first set of admissions was not really a motion, but plaintiff's first set of admissions to defendants. Defendants submitted a letter indicating that they have responded to those requests. Thus, I will deny the motion.

On March 6, 2013, plaintiff filed a motion to stay or hold in abeyance the plaintiff's notice and motion to compel and objections to defendants' answer to interrogatories. He realized that he had not complied with the good faith attempt to confer requirement of Federal Rule of Civil Procedure 37(a) and Civil Local Rule 37. With his motion, plaintiff filed a letter expressing his objections to defendants' interrogatory responses. The court has not heard from either party since that motion to stay the motion to compel was filed. At this time, I will deny plaintiff's motion to compel because it does not contain the required certifications. I also will deny as moot plaintiff's motion to stay since the 30 days plaintiff requested has passed and he has not filed the certification required by Federal Rule of Civil Procedure 37(a) and Civil Local Rule 37.

Therefore,

**IT IS ORDERED** that plaintiff's motion for the appointment of counsel (Docket #13) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's motion for first set of admissions for Milwaukee County (Docket #21) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel (Docket #22) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to stay or hold in abeyance the plaintiff's notice and motion to compel and objections to defendants' answer to interrogatories (Docket #27) is **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin, this 29th day of May, 2013.

s/ Lynn Adelman
LYNN ADELMAN
District Judge
