# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOEL RHODES,**
      **Plaintiff,**

      v.                                      Case No. 12-CV-00452

**MILWAUKEE COUNTY,**
**SGT. KERRI MCKENZIE, and**
**JOHN DOES,**
      **Defendants.**

## DECISION AND ORDER

Now before me are a number of motions filed by plaintiff Joel Rhodes. Defendants also have filed a motion for summary judgment, which will be addressed separately once it is fully briefed.

**1.    Background**

On May 29, 2013, I entered a Scheduling Order with a discovery deadline of September 30, 2013, and an October 31, 2013, deadline for filing dispositive motions. The parties filed a Stipulation to Amend the Scheduling Order September 27, 2013, and I entered an order on September 30, 2013, that extended the discovery deadline until October 14, 2013. This stipulation and order did not affect the dispositive motion deadline, and defendants timely filed their motion for summary judgment on October 31, 2013.

After the close of discovery, plaintiff filed a motion for additional time to conduct discovery. Plaintiff believes that defendants altered their position on this case at his deposition. Plaintiff argues that he would have been able to narrow the scope of discovery if he had known that defendants believed he had a right to private counsel. Plaintiff also cites defense counsel's unwillingness to provide plaintiff with the addresses of witnesses

no longer employed by Milwaukee County Jail and then defense counsel's initial willingness to help locate a newly identified Jane Doe and make her available to be deposed before changing his position and telling plaintiff it is his responsibility to find this witness and notice her deposition. She is not a defendant in this case. Plaintiff asks for at least 120 days to conduct discovery and locate relevant and material evidence, witnesses and testimony. He also seeks corresponding extensions of other deadlines.

Defendants argue that plaintiff's motion failed to comply with the local rules and that he did not show "excusable neglect," the standard for granting a motion for extension of time after the relevant deadline has already passed. They maintain that unexpected deposition testimony is not a valid reason to extend the discovery deadline and that they attempted in good faith to help plaintiff locate the newly identified Jane Doe, even though she has not worked for Milwaukee County since 2007. Defendants also present a different time line of events than plaintiff, and their version is supported by documents attached to the Affidavit of James M. Carroll. (Aff. James Carroll, ECF No. 48.)

On November 21, 2013, the court received plaintiff's expedited motion for extension of plaintiff's summary judgment response deadline and a ruling on plaintiff's pendent motion for additional time to conduct discovery. This motion is coauthored and cosigned by another inmate, who also submitted an affidavit in support of the motion. Plaintiff argues that this other inmate was supposed to help him respond to defendants' motion for summary judgment but is no longer able to do so.

On November 27, 2013, the court received another motion from plaintiff, asking for leave to delay his response to defendants' motion for summary judgment and for the court to decide his pending motions. Plaintiff represents that he is actively working with two

2

Case 2:12-cv-00452-LA   Filed 01/21/14   Page 2 of 6   Document 73

fellow inmates on his response to defendants' motion for summary judgment but that he needs additional time.

The court received two more motions from plaintiff on December 2, 2013. One is entitled, "Expedited Plaintiff's Motion for Extension of His Summary Judgment Response Deadline." (ECF No. 54.) The other is entitled, "L.R. 7.1 Expedited Motion Plaintiff's Motion and Incorporated Declaration to Compel Discovery." (ECF No. 55.) In this motion, plaintiff seeks deposition transcripts, but his request to defendants was made after the close of discovery and his attempts to contact the court reporter have been unsuccessful. On December 3, 2013, another motion from plaintiff arrived at the court. This one is entitled, "L.R. 7.1 Expedited Motion Plaintiff's Motion and Incorporated Declaration to Compel Discovery." (ECF No. 57.)

On December 9, 2013, the court received plaintiff's reply to defendants' response to his original motion. He identifies his outstanding discovery needs as (1) time to obtain deposition transcripts, (2) time to obtain the last known address and contact information for the newly identified Jane Doe, (3) time to identify the "alleged superior" who authorized McKenzie's actions, (4) time to identify the "somebody" who informed McKenzie that there were rumors in the past of Attorney Kovac bringing plaintiff contraband, (5) time for the court to rule on plaintiff's pending motions, and (6) time for defendants to turn over outstanding discovery pertaining to McKenzie. Plaintiff also argues that his failure to move for a discovery extension in a timely fashion was excusable neglect because he is a pro se litigant with no experience in civil discovery. In this brief, plaintiff asks for extensive relief, including the appointment of counsel, compelling defendants to provide an address

3

for a witness, and a pretrial hearing on matters regarding the extension of the discovery deadline and plaintiff's time to respond to summary judgment.

Defendants have filed responses to all of plaintiff's motions. Plaintiff also has supplemented his briefing with the information that he has obtained the deposition transcripts directly from the court reporter.

**2.  Discussion**

Many pages have been filed parsing in great detail the parties' activity during discovery in this case. Although it is clear that plaintiff earnestly attempted to conduct discovery and prepare evidence to further his claim, he struggled. He has shown a keen ability to pursue issues and evidence and work with defense counsel to move this case forward. Although no formal motion is before me, I want to confirm my earlier decision that plaintiff is competent to litigate this case.

That said, discovery is not open-ended or never ending. My review of the docket in this case reveals that plaintiff began serving defendants with discovery requests in October 2012, long before a scheduling order was entered. Then, when I entered a Scheduling Order, I provided plaintiff with another four months to conduct discovery, until September 30, 2013. This means that plaintiff had almost a year (if not more) to conduct discovery in this case.

I did not receive plaintiff's first motion for extension of time until after the close of discovery, within days of the dispositive motion deadline. At that point, after the time has expired, I may, for good cause, extend the time if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). While I have read and understand the arguments plaintiff sets forth, he does not show excusable neglect. The determination of

whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Raymond v. Ameritech Corp., 442 F.3d 600, 606 (7th Cir. 2006) (quoting Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993). Factors to be considered include:

> the danger of prejudice to the [defendant], the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

Id. Plaintiff had ample time to conduct discovery in this case, and it would prejudice defendant to reopen discovery at this time, especially in search of a fired former employee who may not want to be found. Plaintiff has not adequately explained why he did not pursue his discovery requests and follow up earlier, nor even why he waited until after the close of discovery to file his motion for extension of time. There will be no additional discovery in this case.

Consequently, I will deny each of plaintiff's pending motions. However, I will provide plaintiff with additional time to respond to defendants' motion for summary judgment. In fact, I was heartened to read that plaintiff has continued to work on his response while these motions were pending.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for extension of time (Docket #38) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's expedited motion for extension of summary judgment response deadline (Docket #50) is **DENIED**.

5

**IT IS FURTHER ORDERED** that plaintiff's motion for a ruling on plaintiff' motion for additional time to conduct discovery (Docket #50) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave and relief (Docket #52) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to file response to summary judgment (Docket #54) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's expedited motion and incorporated declaration to compel discovery (Docket #55) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's second expedited motion and incorporated declaration to compel discovery (Docket #57) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff shall file a response to defendants' motion for summary judgment on or before **Friday, February 14, 2014**. Failure to file a response by that date may result in dismissal of this action for failure to prosecute.

Dated at Milwaukee, Wisconsin, this 21st day of January, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge